**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>JULIO ALBERTO VAZQUEZ-<br>RAMIREZ,<br><br>　　　　　Defendant - Appellant. | No. 13-50172<br><br>D.C. No. 3:12-cr-04793-BEN-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 7, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

　　Julio Vazquez-Ramirez appeals the sentence and fine imposed by the district court following his guilty plea to importing 5.16 kilograms of heroin, 8.22 kilograms of cocaine, and 22.64 kilograms of methamphetamine into the United

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States from Mexico in violation of 21 U.S.C. §§ 952 and 960. We affirm the sentence and fine.

The district court applied the correct legal standard when it denied the defendant a minor role reduction pursuant to United States Sentencing Guideline § 3B1.2(b). The mere fact that the defendant was a courier did not entitle him to a minor role adjustment. *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011). The district court was not required to compare the defendant to hypothetical co-participants. *United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010); *United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000).

The district court did not clearly err in finding that the defendant was a run-of-the-mill drug smuggler for money, no better, no worse. The defendant was the driver and sole occupant of the vehicle and admitted that he imported a very large quantity of drugs into the country in exchange for $2,000. *United States v. Hurtado*, No. 13-50170, 2014 WL 3720241, at *3 (9th Cir. July 7, 2014); *Rodriguez-Castro*, 641 F.3d at 1193; *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000).

Nor did the district court abuse its discretion when it considered the totality of the circumstances and relevant sentencing factors and then sentenced the

defendant within the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, the district court did not err when it imposed the $450 fine. It was not required to list all of the factors that it considered, and the record establishes that the district court considered the defendant's ability to pay the fine. *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009). The district court did not clearly err when it found that the defendant could work in prison and pay the fine in quarterly installments of $25. The finding is supported by the defendant's admission to the probation officer that he is in good health, is a hard worker and a trained welder, and made $400 a week as a custodian. *United States v. Hernandez-Arias*, 745 F.3d 1275, 1285 (9th Cir. 2014); *United States v. Haggard*, 41 F.3d 1320, 1329 (9th Cir. 1994). The fine of $450 is substantively reasonable in light of the defendant's young age, ability to work, past work history, and the fact that the fine is well-below the minimum fine of $12,500 set forth in USSG § 5E1.2(c)(3) (2012).

**AFFIRMED.**