**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50605 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01937-JLS-1 |
| v. |  |
| TRINA MARIE FITZGERALD, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted November 21, 2014
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

Trina Marie Fitzgerald ("Fitzgerald") appeals the sentence and supervised release conditions imposed by the district court following her guilty plea to importing 64.45 kilograms of marijuana into the United States from Mexico in violation of 21 U.S.C. §§ 952 and 960. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err when it denied the defendant a minor role adjustment pursuant to United States Sentencing Guideline ("Guideline") § 3B1.2(b). The district court properly refused to consider hypothetical participants when it found that the defendant was not a minor participant for purposes of Guideline § 3B1.2(b). *See United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010). The mere fact that the defendant was a courier did not entitle her to a minor role adjustment. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014). The defendant imported a large quantity of drugs into the United States and had an extensive border crossing history. *See id.* at 1069 (noting quantity of drugs imported justified denial of minor role adjustment); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011) (noting border crossing history when rejecting minor role adjustment). The district court did not clearly err by finding Fitzgerald failed to prove by a preponderance of the evidence that she was entitled to a minor role adjustment. *See United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994).

The district court also properly resolved the dispute over the defendant's crossing history when it rejected the defendant's innocent explanation for the number of times she crossed the border. Because the district court stated its "resolution of the disputed issue[]," the court complied with the requirements of

2

Federal Rule of Criminal Procedure 32. *United States v. Karterman*, 60 F.3d 576, 583 (9th Cir. 1995).

Finally, the district court did not improperly delegate its statutory authority when it left the frequency of drug testing to the discretion of the United States Probation Office. It is permissible for the court to allow "the probation officer to determine the timing of the tests," so long as the court "determine[s] how many times a defendant may be placed in jeopardy of being tested." *United States v. Stephens*, 424 F.3d 876, 883 (9th Cir. 2005). Here, the district court did not make a *Stephens* error because it left only the frequency of testing, not the maximum number of tests, to the discretion of the probation officer. The maximum number of tests, as directed by the Southern District of California's General Order No. 547A and the sentencing order, is four. Thus, the court, not a probation officer, properly determined the maximum number of times the "defendant may be placed in jeopardy of being tested." *Stephens*, 424 F.3d at 883.

**AFFIRMED.**

3