**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50290 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-04493-LAB-1 |
| v. | |
| MARTIN LAMBARENA-JAIME, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 17, 2015[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Martin Lambarena-Jaime appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

conspiracy to import methamphetamine, in violation of 21 U.S.C. §§ 952, 960, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

963 and 18 U.S.C. § 2.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lambarena-Jaime contends that the district court erred when it denied him a minor role adjustment under U.S.S.G. § 3B1.2.  Contrary to Lambarena-Jaime's assertion, the district court never said that couriers in drug importation schemes could not receive minor role adjustments.  Rather, the court properly ruled that being a courier does not automatically entitle a defendant to a minor role adjustment.  *See United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2009); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

In addition, in its minor role analysis, the district court properly compared Lambarena-Jaime's role to the roles of other known participants in the criminal scheme.  *See United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010).  The offense involved a large quantity of methamphetamine.  Furthermore, Lambarena-Jaime's role in the conspiracy involved not only the critical job of bringing the methamphetamine across the border, but also providing the vehicle and using his visa/border pass to facilitate the importation.  Thus, the district court did not clearly err when it determined that Lambarena-Jaime had not met his burden of showing that he was substantially less culpable than the known participants, who were the recruiters and the person who loaded the drugs in the car.  *See Hurtado*,

2

760 F.3d at 1068-69; *Rodriguez-Castro*, 641 F.3d at 1193; *United States v. Cantrell,* 433 F.3d 1269, 1282-83 (9th Cir. 2006).

Lambarena-Jaime contends that the district court improperly relied on clearly erroneous facts as reasons not to vary downward more than it did.  In particular, he argues that the district court erroneously found that he was using his family as a cover for the smuggling and this affected the sentence.  In addition, he argues that the district court refused to vary downward further because it erroneously found that the defendant had negotiated exactly how much he was to be paid.  These arguments are belied by the record.  The district court did not rely on clearly erroneous findings of facts to deny a larger variance.  *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Spangle*,  626 F.3d 488, 497 (9th Cir. 2010); *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

Finally, Lambarena-Jaime contends that the 60-month sentence, which is 48 months below the Sentencing Guidelines range, is substantively unreasonable.  The sentence is not substantively unreasonable in light of all the 18 U.S.C. factors and the totality of the circumstances, including not only Lambarena-Jaime's motivation for committing the offense, but also the large quantity of methamphetamine involved.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED**.