**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50241 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-04442-BEN-1 |
| v. | |
| MARTHA LUPITA JAMES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted March 17, 2015[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Martha James appeals from the district court's judgment and challenges the

65-month sentence imposed following her guilty-plea conviction for importation of

methamphetamine, in violation of 21 U.S.C. §§ 952, 960.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

James contends that the district court erred in several ways when it denied her a minor role adjustment. First, James argues that the district court applied the wrong legal standard by ignoring the culpability of others in the smuggling enterprise. There is no evidence in the record that the district court improperly ignored the culpability of other participants. Moreover, contrary to James's suggestion, the court was not required to compare her conduct to the conduct of hypothetical participants. *See United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010).

James also contends that the district court erred by failing to take into account her limited knowledge about the drug operation. The district court properly took into account the totality of the circumstances and did not clearly err by concluding that James failed to meet her burden of proving that she was entitled to a minor role adjustment. *See United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011); *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006).

Finally, James argues that the district court relied on improper factors when denying the minor role adjustment. She maintains that, to show greater culpability, the district court improperly relied on facts that are inherent in being a courier, imposing standards that would make it impossible for any courier to qualify for a

minor role adjustment. As this court has made clear, being a courier does not automatically entitle a defendant to a minor role adjustment. *See United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011). Moreover, being paid to drive a very large quantity of methamphetamine into the United States by oneself is not inherent in being a courier. Many couriers in the United States do not engage in this conduct.

James asserts that, when denying the minor role adjustment, the district court improperly relied on its concern about: 1) the effect methamphetamine has on society and the court; 2) whether the defendant's proposed sentence was out of proportion with the amount of methamphetamine in the load car; 3) the relationship between lower sentences and the number of methamphetamine smuggling cases in the Southern District of California; 4) how the defendant's proposed sentence compared to the nationwide average sentence; and 5) whether James should have known better about the bad effects of drugs given her nursing training. However, it is clear that all of this discussion cited by James took part in the context of the district court's discussion of the 18 U.S.C. § 3553(a) factors, not as part of its discussion of the minor role analysis.

**AFFIRMED**.