**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50292 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00091-BEN-1 |
| v. | |
| ROBERTO BELLO-URQUIZA, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 10, 2015[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Roberto Bello-Urquiza, Jr. appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for importation of controlled substances, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bello-Urquiza contends that the district court erred by applying an incorrect legal standard for a minor-role adjustment under U.S.S.G. § 3B1.2(b). We review de novo the district court's interpretation of the Sentencing Guidelines and for clear error the district court's factual determination that a defendant is not a minor participant. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014). Bello-Urquiza asserts that the district court failed to compare him to the other participants in the offense. The record reflects that the court applied the proper legal standard and that it compared Bello to the other participants in the offense, including not only the more culpable participants, but also the less culpable participants. *See Hurtado*, 760 F.3d at 1069 (recognizing that the fact that drug operation's organizers and leaders have above-average culpability does not mean that the defendant is substantially less culpable than the average participant); *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006). Furthermore, to the extent Bello-Urquiza contends that he was entitled to a minor role reduction, the district court did not clearly err in denying the adjustment. *See Hurtado*, 760 F.3d at 1069.

Bello-Urquiza also contends that the court did not provide a sufficient explanation for the sentence because the court's statement that it did not engage in "any scientific calculation" and that the sentence "just seems right" were

2

inadequate.  Because Bello-Urquiza did not object on these grounds below, review

is for plain error.  *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108

(9th Cir. 2010).  The district court did not plainly err.  It repeatedly stated that it

was applying the 18 U.S.C. § 3553(a) factors and discussed specific facts,

including the quantity of methamphetamine involved and Bello-Urquizo's prior

conviction for importing cocaine.  The district court's explanation was sufficient to

permit meaningful review and showed that the court had a reasoned basis for

exercising its decisionmaking authority.  *Rita v. United States*, 551 U.S. 338, 356

(2007); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Bello-Urquiza argues that the district court procedurally erred at sentencing

when it made a sarcastic comment that "this is fun" after Bello-Urquiza stated that

he had not intended to cross the drugs across the border.  Bello-Urquiza did not

object on these grounds in the district court, so we review for plain error.  *See*

*Valencia-Barragan*, 608 F.3d at 1108.  Bello-Urquiza cites no authority and

provides no argument for why this is procedural error.  Although it would be

preferable for a district court not to make sarcastic comments in response to

comments it finds exasperating, this does not constitute plain procedural error.

Finally, Bello-Urquiza contends that the 78-month sentence is substantively

unreasonable.  The sentence is not substantively unreasonable in light of the 18

3

U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51 (2007).

**AFFIRMED**.