UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50231 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02818-BEN Southern District of California, San Diego |
| v. | |
| ERICK HERRERA, | ORDER |
| Defendant - Appellant. | |

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Erik Herrera's petition for panel rehearing is granted.   A revised memorandum disposition is filed concurrently with this order.   As so revised, the sentence imposed is AFFIRMED.

No further petitions for rehearing will be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50231 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02818-BEN |
| v. | |
| ERICK HERRERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 20, 2015[**]

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Erick Herrera appeals from the district court's judgment and challenges the 46-month sentence imposed following his guilty-plea conviction for importation of heroin, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Herrera challenges the district court's denial of a minor role reduction, arguing that the court incorrectly compared him to a hypothetical average courier. We review the district court's interpretation of the Guidelines de novo. *See United States v. Rodriguez-Castro,* 641 F.3d 1189, 1192 (9th Cir. 2011). In evaluating whether a defendant is a minor participant, the district court must compare "the defendant's conduct and that of the other participants in the same offense." *United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000) (internal quotations omitted). The district court's suggestion that Herrera ought to be compared to a hypothetical average courier was, therefore, incorrect. *See id.* However, the district court's error was harmless because the record reflects that the court was aware of the other participants in the offense and agreed with the government that Herrera was not "substantially less culpable than the average participant" in the offense given his quasi-supervisory role over L.G. *See* U.S.S.G. § 3B1.2 cmt. n.3(A). The district court also properly cited the quantity of drugs transported and Herrera's payment as a basis for denying the minor role adjustment. *See United States v. Hurtado,* 760 F.3d 1065, 1069 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015) (quantity of drugs and the amount paid to the defendant are facts that "alone may justify denial of a minor role").

**AFFIRMED.**