FILED

NOT FOR PUBLICATION

DEC 23 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRISTOBAL SANCHEZ-CHAVEZ,

Defendant - Appellant.

No. 14-30251

D.C. No. 1:13-cr-00090-SPW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted November 3, 2015[**]
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

**1.** The government introduced sufficient evidence at trial to support

Cristobal Sanchez-Chavez's conviction under 21 U.S.C. § 846 for conspiracy to

possess with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1). A

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reasonable jury could have credited Officer Wethington's testimony that Sanchez-Chavez's voice matched that of an individual recorded on a series of telephone calls during the course of a DEA wiretap investigation. Officer Wethington conducted the voice identification by comparing Sanchez-Chavez's voice on a telephone call recorded from jail to the voice associated with a particular individual on one of the wiretap calls. Officer Wethington determined that the voice recorded on the wiretap call belonged to Sanchez-Chavez. Officer Wethington then compared the voice known to be Sanchez-Chavez's to the voices on the other recorded wiretap calls the government introduced at trial and identified for the jury each instance in which Sanchez-Chavez spoke. Additional evidence confirmed that the individual speaking on the recorded wiretap calls was indeed Sanchez-Chavez.

The recorded wiretap calls provided sufficient evidence to sustain the conspiracy conviction. The transcripts of the recorded conversations established that Sanchez-Chavez assisted others in arranging to transport methamphetamine and in deciding what to do after the car transporting the methamphetamine was stopped and seized by law enforcement. A reasonable jury could infer from this evidence that Sanchez-Chavez had joined an illegal agreement and intended to

commit the underlying offense of possession with intent to distribute. *See United States v. Suarez*, 682 F.3d 1214, 1219 (9th Cir. 2012).

**2.** The district court did not clearly err by declining to apply the "minor participant" reduction under U.S.S.G. § 3B1.2(b). *See United States v. Hurtado*, 760 F.3d 1065, 1067–69 (9th Cir. 2014). The court properly found that Sanchez-Chavez was not less culpable than most of the other participants, given his role in procuring the methamphetamine and helping to arrange for its transport. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192–93 (9th Cir. 2011); U.S.S.G. § 3B1.2 cmt. n.3(A), (C).

**AFFIRMED.**