**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10212 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00249-AWI |
| v. | |
| DARLING ARLETTE MONTALVO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Darling Arlette Montalvo appeals from the district court's judgment and challenges the 24-month sentence imposed following her jury-trial conviction for conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 1349; mail fraud, in violation of 18 U.S.C. § 1341; and money laundering

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1957.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Montalvo first contends that the district court procedurally erred by failing to explain its refusal to grant her request for a mitigating role adjustment under U.S.S.G. § 3B1.2.  We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Although the court did not explain its denial of Montalvo's request, its reasons are apparent from the record.  *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (explanation may be inferred from the presentence report or the record as a whole).  In written sentencing materials that the court reviewed, both the government and probation argued that a minor role adjustment was not warranted because Montalvo provided false information and documentation in connection with the properties she purchased or assisted in purchasing.  In lieu of a mitigating role reduction, probation urged the court to account for Montalvo's lesser role in the larger conspiracy through a downward variance.  The district court followed this guidance, declining to grant a mitigating role adjustment but imposing a sentence below the Guidelines range that would have applied if Montalvo had received such a reduction.  Under these circumstances, we conclude that

any error by the district court did not affect Montalvo's substantial rights. *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir. 2008).

Montalvo also argues that the district court erred by denying the mitigating role adjustment. Given Montalvo's involvement in five fraudulent transactions over the course of more than a year, the court did not clearly err in concluding that Montalvo was not substantially less culpable than the average participant in the offense. *See* U.S.S.G. § 3B1.2, cmt. n.3(A); *United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014) (a finding that defendant is not a minor participant is a factual determination reviewed for clear error).

**AFFIRMED.**

15-10212