**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee*,

v.

HECTOR HURTADO,
            *Defendant-Appellant*.

No. 13-50170

D.C. No.
3:12-cr-04756-BEN-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 7, 2014[*]
Pasadena, California

Filed July 29, 2014

Before: Barry G. Silverman, Richard C. Tallman, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Silverman

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence imposed for importation of cocaine into the United States, in a case in which the defendant challenged the district court's denial of a "minor role" reduction pursuant to U.S.S.G. § 3B1.2(b).

The panel held that the district court applied the correct legal standard, did not abuse its discretion in its application of the guideline to the facts of the case, and did not clearly err when it found that the defendant was a typical commercial drug smuggler – no better, no worse – and not entitled to a minor role reduction. The panel held that the district court was not clearly erroneous in finding that although the defendant may have been a cog in some larger wheel, he was an essential cog who, solely for a sizeable sum of money, knowingly smuggled a large quantity of narcotics into the United States via a hidden compartment in his truck. Rejecting the defendant's contention that he played a minor role simply because he acted as a courier, the panel observed that the district court clearly understood the defendant's role vis-a-vis other possible participants, and did not abuse its discretion or clearly err in concluding that the defendant's role was not minor on these facts.

The panel rejected the defendant's contention that his sentence was substantively unreasonable, and his challenges to the district court's imposition of a $450 fine.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James Fife, Federal Defenders of San Diego, Inc., San Diego, California for Defendant-Appellant.

Kyle B. Martin, Special Assistant United States Attorney, San Diego, California for Plaintiff-Appellee.

**OPINION**

SILVERMAN, Circuit Judge:

Hector Hurtado appeals the 46-month sentence imposed by the district court following his guilty plea to intentionally and knowingly importing 11.64 kilograms of cocaine into the United States from Mexico in violation of 21 U.S.C. §§ 952 and 960. Hurtado was caught driving a truck loaded with cocaine across the border, for which he was paid $3,500. Hurtado argues that the district court erred when it held that he was not entitled to the "minor role" reduction provided for in United States Sentencing Guideline § 3B1.2(b).

Hurtado's argument is essentially this: Just as all children in Lake Wobegon are above average, all drug couriers are, by definition, below average and entitled to the minor role reduction. Like the district court, we reject that argument. We hold today that the district court applied the correct legal standard, did not abuse its discretion in its application of the guideline to the facts of the case, and did not clearly err when it found that Hurtado was a typical commercial drug smuggler – no better, no worse – and not entitled to a minor role reduction. The district court was not clearly erroneous in finding that although Hurtado may have been a cog in

some larger wheel, he was an *essential* cog who, solely for a sizeable sum of money, knowingly smuggled a large quantity of narcotics into the United States via a hidden compartment in his truck. The district court clearly understood Hurtado's role vis-a-vis other possible participants, see *United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000), but concluded that Hurtado's role was not minor on these facts. In so ruling, the district court did not abuse its discretion or clearly err.

## I.  Background

On October 25, 2012, Hurtado drove his pick-up truck from Mexico to the United States through the Calexico, California East Port of Entry. Agents referred him to secondary after observing that he was nervous. At secondary, the narcotics dog alerted to the firewall of the vehicle. A subsequent search revealed 10 packages of cocaine, weighing 11.64 kilograms (25.6 pounds), concealed within the firewall of the truck.

Hurtado stated that he worked for a drug trafficking organization in Mexico and was being paid $3,500 to smuggle the drugs into the United States in his truck. He had received $1,000 in advance and had allowed the organization to register the truck in his name. According to Hurtado, someone in the organization would contact him with further instructions after he crossed the border.

Hurtado was charged with knowingly and intentionally importing 11.64 kilograms (25.6 pounds) of cocaine into the United States from Mexico on October 25, 2012, in violation of 21 U.S.C. §§ 952 and 960. Hurtado pled guilty to the charge pursuant to a written fast-track plea agreement. The

parties agreed that Hurtado could seek a downward adjustment for minor role, but the government was free to oppose the request. Hurtado retained his right to appeal if the district court denied his request for a minor role reduction.

The crime carried a mandatory minimum sentence of 10 years and a maximum sentence of life. 21 U.S.C. § 960(b)(1)(B). The 2012 Sentencing Guidelines, in effect when Hurtado was sentenced on April 15, 2013, were applied at sentencing.

Assuming the applicability of a safety-valve departure below the statutory minimum, the presentence report recommended a sentence of 46 months, the low end of its calculated guideline range. It did not recommend a § 3B1.2(b) minor role reduction, reasoning that Hurtado had not established that he was substantially less culpable than the average drug smuggler.

At sentencing, the parties jointly requested a minor role reduction, arguing that couriers occupy a minor role when compared to other individuals in drug organizations. Hurtado and the government agreed that the guideline range was 30 to 37 months, and they jointly recommended a sentence of 30 months. The agreed-upon guideline calculation included a two-level reduction for minor role.

The district court ruled that Hurtado had not established that he was entitled to a minor role adjustment, but rather, that Hurtado was the average drug smuggler who was paid a sizeable sum of money to drive a significant amount of drugs across the border, in a truck he agreed to have registered in his name. The district court calculated an adjusted offense

level of 23. With a criminal history category of I, the guideline range computed by the judge was 46 to 57 months.

The district court sentenced the defendant to the low end of this range, 46 months, followed by five years of supervised release. The district court also fined the defendant $450, finding that he could pay it in $25 quarterly payments during incarceration. The district court specifically found that Hurtado was a young man who could work in prison and could afford to pay the fine.

## II. Jurisdiction and standards of review

On April 15, 2013, Hurtado timely appealed the April 17, 2013, judgment. Fed. R. App. P. 4(b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the district court's interpretation of the guidelines de novo and application of the guidelines to the facts for an abuse of discretion. *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The finding that Hurtado is not a minor participant is a factual finding that we review for clear error. *Id.* We review the substantive reasonableness of the sentence for an abuse of discretion. *Id.* We review the district court's decision to impose the fine and the amount of the fine for reasonableness. *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009). The district court's finding that Hurtado is able to pay the fine is reviewed for clear error. *Id.*

## III.    Minor role adjustment

Hurtado argues that the district court applied the wrong legal standard when it decided that he did not qualify for a

minor role adjustment pursuant to § 3B1.2(b). He argues that the district court erroneously focused on the facts of the crime and failed to compare him to other supposed participants in the offense. Hurtado also claims that he played a minor role simply because he acted as a courier. We reject each of these arguments.

The district court clearly understood and applied the correct legal standard when it denied Hurtado's request for a minor role adjustment. The guideline provides a two-level decrease in the offense level if the defendant proves that he "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b) (2012); *Rodriguez-Castro*, 641 F.3d at 1193. A minor participant is "*substantially less culpable* than the average participant." *Rodriguez-Castro*, 641 F.3d at 1193 (emphasis in the original). The guidelines recognize that, in some circumstances, a courier may play a minor role, but we have already held that *simply* being a courier does not automatically entitle a defendant to the minor role adjustment. *Id.*; *United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991).

There's an old saying: Crime doesn't pay, but at least you're your own boss. In this case, Hurtado wasn't even his own boss; he was paid by others to commit the crime. However, the mere fact that Hurtado may have been doing criminal work for hire does not itself establish that he was a minor participant. That Hurtado's supervisors, organizers, recruiters, and leaders may have *above-average* culpability – and thus are subject to aggravating role enhancements under U.S.S.G. § 3B1.1 – doesn't mean that Hurtado is "substantially less culpable than the *average* participant." U.S.S.G. § 3B1.2 n.3(A) (emphasis added). The requisite

comparison is to average participants, not above-average participants.

The district court also properly considered the facts of the crime and the totality of the circumstances. *Rodriguez-Castro*, 641 F.3d at 1193. It properly considered the quantity of drugs, the amount paid to Hurtado, and the fact that he allowed the truck to be registered in his name. Any of these facts alone may justify denial of a minor role. *Id.*; *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000).

This is not to say that some other courier in some other case might not be eligible for a minor role adjustment. We hold only that the district court did not clearly err in finding that in this case, Hurtado was an average participant and not substantially less culpable than others who may have been involved in the crime.

## IV.     Substantive reasonableness of the sentence

Hurtado argues that his 46-month sentence was substantively unreasonable because he was a routine, unskilled courier without managerial or decision-making authority. But the district court did not abuse its discretion by sentencing the defendant to 46 months after considering the relevant sentencing factors and arguments made by the parties. The sentence was the low-end guideline sentence recommended by the presentence report and, thanks to the operation of the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, well below the 120-month statutory mandatory minimum for the 11.64 kilograms of cocaine Hurtado imported into the country.

## V.  Fine

Finally, Hurtado argues that the district court imposed the fine without stating that it considered all of the factors set forth in 18 U.S.C. § 3572(a) and U.S.S.G. § 5E1.2 and without considering his lack of resources.  However, the district court was not required to list the factors or to "articulate every factor" that it considered when it assessed the fine.  *Orlando*, 553 F.3d at 1240.  The district court clearly considered relevant factors, including Hurtado's ability to pay the fine, ability to pay over a period of time, his earning capacity, and his financial resources.  *See* U.S.S.G. § 5E1.2(d)(2); 18 U.S.C. § 3572(a).

Nor did the district court clearly err when it found that Hurtado could afford to pay a $450 fine in future quarterly installments of $25.  *United States v. Haggard*, 41 F.3d 1320, 1329 (9th Cir. 1994).  Even if Hurtado was indigent at the time of sentencing, the district court could impose a fine if it found that Hurtado had "earning capacity to pay the fine in the future." *Orlando*, 553 F.3d at 1240.  In this case, Hurtado admitted that he is in good health and is a trained auto mechanic, admissions which fully support the district court's finding.  *United States v. Hernandez-Arias*, 745 F.3d 1275, 1285 (9th Cir. 2014).

Finally, the fine of $450, which is well below the guideline minimum of $10,000 set forth in U.S.S.G. § 5E1.2(c)(3), is reasonable.

**AFFIRMED**.