**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50496 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01449-BEN-1 |
| v. | |
| FRANCISCO VALLE MANJARREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 7, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Francisco Valle Manjarrez appeals the 46-month sentence imposed by the

district court following his guilty plea to importing 11.03 kilograms of cocaine into

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the United States from Mexico in violation of 21 U.S.C. §§ 952 and 960. We affirm.

The district court properly refused to consider hypothetical participants when it found that the defendant was not a minor participant for purposes of United States Sentencing Guideline § 3B1.2(b). *United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000). The district court also properly considered the facts of the crime. *United States v. Hurtado*, No. 13-50170, 2014 WL 3720241, at *3 (9th Cir. July 7, 2014)*; United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011). The mere fact that the defendant was a courier did not entitle him to a minor role adjustment. *Id.* The district court did not clearly err in finding that the defendant was a run-of-the-mill drug smuggler for money, no better, no worse. The defendant accepted payment and a vehicle in exchange for importing a large quantity of drugs, 11 kilograms of cocaine, into the country. *Id.*

Nor did the district court abuse its discretion when it sentenced the defendant to the minimum guideline sentence after considering all of the relevant sentencing factors.

**AFFIRMED.**