FILED

NOV 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50510 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01189-LAB |
| v. | |
| DIEGO BELTRAN, a.k.a. Deigo Beltran, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Diego Beltran appeals from the district court's judgment and challenges the

67-month sentence imposed following his guilty-plea conviction for importation of

methamphetamine and cocaine, in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Beltran contends that the district court legally erred when it denied his request for a role adjustment under U.S.S.G. § 3B1.2(b). Specifically, he argues that the court misinterpreted and misapplied the Sentencing Guidelines by (i) failing to compare his conduct to that of other participants involved in the offense, including more culpable individuals, and (ii) focusing narrowly on the offense of conviction, rather than the larger criminal scheme. We review the district court's interpretation of the Guidelines de novo and its factual finding that a defendant is not a minor participant for clear error. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the district court applied the correct legal standard, assessing Beltran's culpability relative to that of other participants in the overall criminal scheme and by looking at the totality of the circumstances. *See* U.S.S.G. § 3B1.2 cmt. n.3(A) & (C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014). Moreover, because Beltran failed to establish that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See Rodriguez-Castro*, 641 F.3d at 1193.

**AFFIRMED.**