**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50074 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03537-BEN |
| v. | |
| SANTOS MEZA CHAIDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Santos Meza Chaidez appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty plea to conspiracy

to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

———————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Meza Chaidez contends that the district court erred by declining to grant him a two-level minor participant adjustment under U.S.S.G. § 3B1.2(b). Whether the defendant is a minor participant is reviewed for clear error. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006). The defendant bears the burden of proving that he is entitled to such an adjustment. *See id.* Because Meza Chaidez did not show that he was "substantially less culpable than the average participant" in the offense, the district court did not clearly err in denying the minor participant adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014). Meza Chaidez's contention that the district court has a policy of automatically rejecting requests for a minor participant adjustment in a drug case is belied by the record, which reflects that the court understood its discretion to grant the adjustment.

Meza Chaidez also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Meza Chaidez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 30-month sentence, at the low end of the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense. *See id.*

**AFFIRMED.**

14-50074