

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50068 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00684-BEN |
| v. | |
| JOSE GUILLERMO VERDUGO-BELTRAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jose Guillermo Verdugo-Beltran appeals from the district court's judgment

and challenges the 70-month sentence imposed following his guilty-plea

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Verdugo-Beltran contends that the district court applied an incorrect legal standard in denying his request for a minor-role adjustment under U.S.S.G. § 3B1.2 and improperly concluded that he was not entitled to the adjustment. We review the district court's interpretation of the Guidelines de novo and its factual finding that a defendant is not a minor participant for clear error. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the district court properly considered Verdugo-Beltran's culpability relative to that of the average participant and properly refused to consider hypothetical participants. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010). Further, in light of the totality of the circumstances, including the amount of cocaine imported, the district court did not clearly err in determining that Verdugo-Beltran failed to prove that he was entitled to the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014), *cert. denied* 2015 WL 73229 (U.S. Feb. 23, 2015).

Verdugo-Beltran next contends that his 70-month, below-Guideline sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Verdugo-Beltran's sentence. *See Gall v. United States*, 552 U.S. 38, 51

(2007). The sentence is substantively reasonable in light of the 18 U.S.C.

§ 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552

U.S. at 51.

**AFFIRMED**.