**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50097 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03341-LAB |
| v. | |
| IVAN DE JESUS LOPEZ-ILUSTRE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 7, 2015[**]

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Ivan De Jesus Lopez-Ilustre appeals from the district court's judgment and challenges the 72-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 & 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lopez-Ilustre contends that the district court procedurally erred by failing to award him a mitigating role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Sentencing Guidelines de novo, its application of the Guidelines to the facts of the case for abuse of discretion, and its determination that a defendant was not a minor participant for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014).

Contrary to Lopez-Ilustre's argument, the record shows that the district court properly applied the Sentencing Guidelines and our precedent, basing its denial of the adjustment on the totality of the circumstances and a comparison of Lopez-Ilustre's culpability to that of other individuals in the smuggling operation. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *Hurtado*, 760 F.3d at 1068-69. The district court appropriately required Lopez-Ilustre to establish his eligibility for the mitigating role adjustment by a preponderance of the evidence. *See United States v. Zakharov*, 468 F.3d 1171, 1181 (9th Cir. 2006). Moreover, the district court did not clearly err in denying the mitigating role adjustment when Lopez-Ilustre smuggled a significant quantity of a dangerous drug, was promised compensation for his services, and used a vehicle registered in his own name to commit the offense. *See Hurtado*, 760 F.3d at 1069.

Lopez-Ilustre also argues that his sentence is substantively unreasonable because it does not reflect his true culpability. The district court did not abuse its discretion in imposing Lopez-Ilustre's sentence. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1194 (9th Cir. 2011). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See id.*

**AFFIRMED.**

14-50097