**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>SACRAMENTO DIAZ,<br><br>Defendant - Appellant. | No. 14-50338<br><br>D.C. No. 3:14-cr-00271-BEN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Sacramento Diaz appeals the 70-month sentence imposed following his guilty-plea conviction for importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Diaz argues that the district court legally erred in denying a minor role reduction to his base offense level. We review the district court's interpretation of the Guidelines de novo and its finding that a defendant did not play a minor role for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014), *cert. denied*, 135 S.Ct. 1467 (2015). The record reflects that the district court knew and applied the correct legal standard, including its duty to compare Diaz's role to that of other participants in the drug organization. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rojas-Millan*, 234 F.3d 464, 473-74 (9th Cir. 2000). Moreover, the court did not clearly err in concluding that Diaz was not a minor participant given the amount of drugs he transported and the fee he was promised. *See Hurtado*, 760 F.3d at 1069.

**AFFIRMED.**

14-50338