FILED

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50163 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00007-WQH |
| v. | |
| FERNANDO ZATARAIN-PENA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Fernando Zatarain-Pena appeals from the district court's judgment and challenges the 44-month sentence imposed following his guilty-plea conviction for importation of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Zatarain contends that the district court applied the wrong legal standard when determining whether he was entitled to a minor role adjustment under U.S.S.G. § 3B1.2(b). We review the district court's interpretation of the Sentencing Guidelines de novo and its factual finding that a defendant was not a minor participant for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015). The district court applied the correct standard by determining whether Zatarain was substantially less culpable than other participants in the criminal scheme in light of the totality of the circumstances and the particular facts of Zatarain's case. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *Hurtado*, 760 F.3d at 1069. The district court was not required to make an explicit finding regarding Zatarain's level of knowledge of the criminal scheme. *See* U.S.S.G. § 3B1.2 cmt. n.4. It properly considered the quantity of drugs, the fact the truck was registered in Zatarain's name, Zatarain's efforts to establish a crossing history, Zatarain's claim of duress, and the fact that Zatarain had crossed with drugs on one previous occasion. *See Hurtado*, 760 F.3d at 1069. Furthermore, on these facts, the district court did not clearly err in its factual finding that Zatarain was not a minor participant. *See id.*

**AFFIRMED.**

14-50163