NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50466 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00633-CAB |
| v. | |
| JAVIER TOSHIRO TOKUNAGA-FUJIGAKI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Javier Toshiro Tokunaga-Fujigaki appeals from the district court's judgment

and challenges the 48-month sentence imposed following his guilty-plea

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

and 960.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tokunaga-Fujigaki contends that the district court erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b) by misapplying the Guideline.   We review the district court's interpretation of the Guidelines de novo and its factual finding that a defendant was not a minor participant for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015).   Contrary to Tokunaga-Fujigaki's contention, the record reflects that the district court understood and applied the correct legal standard, properly considered the totality of the circumstances, and did not rely on improper factors in denying the adjustment.   Moreover, the district court did not clearly err by finding that Tokunaga-Fujigaki did not play a minor role in the offense.   *See Hurtado*, 760 F.3d at 1069.

Tokunaga-Fujigaki also contends that his supervised release term is substantively unreasonable in light of his status as a deportable alien.   The district court did not abuse its discretion in imposing Tokunaga-Fujigaki's sentence.   *See Gall v. United States*, 552 U.S. 38, 51 (2007).   The supervised release term is substantively reasonable in light of the totality of the circumstances, including Tokunaga-Fujigaki's recent arrest for a similar offense.   *See id.*; *see also* U.S.S.G.

2                                                                                                      14-50466

§ 5D1.1 cmt. n.5 (supervised release for a deportable alien is appropriate if it would provide an added measure of deterrence and protection)

**AFFIRMED.**