**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-10053 |
| Plaintiff-Appellee, | D.C. No. 4:05-cr-00588-RM-CRP |
| v. | |
| FRANCISCO JAVIER GONZALEZ, a.k.a. Francisco Gonzalez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Francisco Javier Gonzalez appeals from the district court's judgment and

challenges the 70-month sentence imposed following his guilty-plea conviction for

importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960; and possession

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)91)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Gonzalez argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). He incorrectly frames this claim as a substantive reasonableness argument; in fact, it is a challenge to the court's calculation of the Guidelines range. *See* U.S.S.G. § 1B1.1(a)(3); *United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014).

After Gonzalez was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because the record reflects that the court may have improperly compared Gonzalez

to the average drug courier, and we cannot determine whether the district court considered all of the now-relevant factors, we vacate Gonzalez's sentence and remand for resentencing. *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Gonzalez's claim that his sentence is substantively unreasonable.

**VACATED and REMANDED for resentencing.**

15-10053