**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50091 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02783-LAB-1 |
| v. | |
| JUAN JAVIER PEREZ-SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 14, 2017[**]

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Juan Javier Perez-Sanchez appeals from the district court's judgment and

challenges the 72-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Perez-Sanchez contends that the district court applied the wrong legal standard to his request for a minor role reduction under U.S.S.G. § 3B1.2, and erred in denying the reduction. We review the district court's interpretation of the Guidelines de novo, and its factual finding that a defendant was not a minor participant for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014). Contrary to Perez-Sanchez's claim, the district court properly compared Perez-Sanchez to his co-participants in the offense, and considered the factors enumerated in the Guideline and the totality of the circumstances, to determine whether Perez-Sanchez was "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C) (2015); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Moreover, in light of the circumstances of the offense, the district court did not clearly err in concluding that Perez-Sanchez was not a minor participant. *See Hurtado*, 760 F.3d at 1069.

Furthermore, the district court did not abuse its discretion in sentencing Perez-Sanchez to a below-Guidelines term. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the large amount of drugs that Perez-Sanchez imported. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**