**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50319 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03430-BEN |
| v. | |
| IDALEL MILLAN-ORTEGA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Idalel Millan-Ortega appeals from the district court's judgment and

challenges the 60-month sentence imposed following her guilty plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

have jurisdiction under 28 U.S.C. § 1291.  We affirm in part and vacate and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remand for resentencing in part.

Millan-Ortega argues that the district court erred in denying a minor role reduction to her base level offense under U.S.S.G. § 3B1.2(b). After Millan-Ortega was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare her to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because the record reflects that the court may have improperly compared Millan-Ortega to the average drug courier, and may not have considered all of the now-relevant factors, we vacate Millan-Ortega's sentence and remand for resentencing. *See Quintero-Leyva*, 823 F.3d at 523-24.

15-50319

In light of this disposition, we do not reach Millan-Ortega's contention that the district court procedurally erred by considering sentencing disparities created by the fast-track program.

Millan-Ortega next contends that the district court erred by imposing a $250 fine without considering the factors set forth in 18 U.S.C. § 3572 and U.S.S.G. § 5E1.2(d). Contrary to Millan-Ortega's assertions, the district court was not required to list all of the factors it considered, and the record establishes that the district court considered Millan-Ortega's ability to pay the fine. *See United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014).

**AFFIRMED in part, VACATED and REMANDED for resentencing, in part.**