**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50533 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01309-LAB |
| v. | |
| SIMON JOHN JUDGE, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Simon John Judge, Jr., appeals from the district court's judgment and challenges the 60-month concurrent sentences imposed following his guilty-plea convictions for importation of heroin and cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Judge first contends that the district court erred by applying the incorrect legal standard to his request for a minor role reduction under U.S.S.G. § 3B1.2. Specifically, he argues that the court erred by relying on *United States v. Hurtado*, 760 F.3d 1065 (9th Cir. 2014), which he argues was superseded by Amendment 794 ("the Amendment") to the minor role guideline. Reviewing de novo, *see United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016), we conclude that any error was harmless. Even if the Amendment and *Hurtado* are in conflict, the court properly applied the Amendment; it compared Judge to his co-participants in the offense, and considered the factors enumerated in the guideline and the totality of the circumstances, to determine whether Judge was "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C) (2015). Contrary to Judge's suggestion, the court did not deny the minor role reduction based on his essential role in the offense, or in reliance on a single fact.

Judge next contends that the court clearly erred in finding that he was not a minor participant in the offense. In light of the totality of the circumstances, including the multiple times that Judge crossed the border with marijuana seeds before the offense, we conclude that the court did not clearly err. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *Quintero-Leyva*, 823 F.3d at 522-23.

**AFFIRMED.**

15-50533