**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50526 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01156-LAB |
| v. | |
| INES CELIS-LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Ines Celis-Lopez appeals from the district court's judgment and challenges the 72-month sentence imposed following his guilty-plea conviction for importation of heroin and methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Celis-Lopez contends that the district court erred by denying his request for a minor role reduction under U.S.S.G. § 3B1.2(b). He argues that the court failed to conduct the requisite comparative culpability analysis and erred in finding that he was not a minor participant. We review the district court's interpretation of the Guidelines de novo, and its factual finding that a defendant was not a minor participant for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014). Contrary to Celis-Lopez's argument, the court properly compared his culpability to that of an average participant in his offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(A). It specifically compared Celis-Lopez to the one co-participant to whom Celis-Lopez asked to be compared, and also considered Celis-Lopez's role in the overall drug smuggling scheme. *See United States v. Rojas-Millan*, 234 F.3d 464, 473-74 (9th Cir. 2000). Furthermore, although the court acknowledged that some of the facts supported a minor role adjustment in this case, it did not clearly err in finding, based on the totality of the circumstances, that Celis-Lopez's role in the offense was not minor. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Celis-Lopez also contends that his sentence is substantively unreasonable in light of his mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-

15-50526

Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the large amount of drugs that Celis-Lopez imported. *See Gall*, 552 U.S. at 51.

    **AFFIRMED.**