NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50140 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01656-BEN |
| v. | |
| ANGEL SALINAS-MANDUJANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Angel Salinas-Mandujano appeals from the district court's judgment and

challenges the 96-month custodial sentence and $500 fine imposed following his

guilty-plea conviction for importation of methamphetamine, in violation of 21

U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291. We affirm

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

in part and vacate and remand for resentencing in part.

Salinas-Mandujano contends that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Salinas-Mandujano was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Salinas-Mandujano's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

Salinas-Mandujano also contends that the district court erred in concluding

that he was subject to the 20-year statutory maximum sentence when he never admitted, and the government did not prove, that he knew the type and quantity of the drugs he smuggled. As Salinas-Mandujano concedes, this argument is foreclosed by *United States v. Jefferson*, 791 F.3d 1013, 1019 (9th Cir. 2015). We decline to reach Salinas-Mandujano's remaining challenges to his custodial sentence.

Salinas-Mandujano also contends that the district court erred by imposing a $500 fine without considering the factors set forth in 18 U.S.C. § 3572(a) and U.S.S.G. § 5E1.2(d). Contrary to Salinas-Mandujano's assertions, the district court was not required to list all of the factors it considered, and the record establishes that the district court considered Salinas-Mandujano's ability to pay the fine. *See United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014), *overruled on other grounds by United States v. Gasca-Ruiz*, 852 F.3d 1167, 1173-74 (9th Cir. 2017) (en banc). Moreover, the below-Guidelines fine is substantively reasonable in light of the section 3572(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED in part; VACATED and REMANDED for resentencing in part.**