**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50383 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00987-LAB |
| v. | |
| FERNANDO TELLO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 26, 2017[**]

Before:   SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Fernando Tello appeals from the district court's judgment and challenges the 72-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tello contends that the district court erred by denying him a minor role reduction under U.S.S.G. § 3B1.2(b). We review a district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts of the case for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record reflects that, at Tello's request, the district court considered his culpability relative to three other participants in the offense. Tello did not ask the court to consider the culpability of additional possible participants, and in the absence of such a request or any evidence of the existence of additional participants, the court was not required to do so. *See United States v. Rojas-Millan*, 234 F.3d 464, 473-74 (9th Cir. 2000) (district court should consider the involvement of "other likely actors" if it finds "sufficient evidence of their existence and participation in the overall scheme").

Moreover, the court did not refuse to consider the individual identified as "El Campo," but rather concluded that this individual was not an "average participant" to whom Tello should be compared. *See United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014) ("The requisite comparison is to average participants, not above-average participants."), *overruled on other grounds by Gasca-Ruiz*, 852 F.3d at 1174.

Finally, the district court did not abuse its discretion when it considered the factors enumerated in the amended commentary to section 3B1.2 and concluded

16-50383

that, in light of the facts of this case, Tello failed to meet the standard for a minor

role reduction.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**