**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50312 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00532-LAB |
| v. | |
| LUIS ANGEL GAXIOLA-TOSCANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Luis Angel Gaxiola-Toscano appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for importation of methamphetamine and heroin, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gaxiola-Toscano contends that the district court erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the district court improperly failed to compare him to people above him in the drug organization hierarchy, even though they were active participants in the offense. We review the district court's interpretation of the Guidelines de novo. *See United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). The record belies Gaxiola-Toscano's contention that the district court misapplied the minor role Guideline. The court conducted the requisite comparative analysis when it considered Gaxiola-Toscano's culpability relative to that of other participants in the criminal enterprise. *See id.* at 523. The court did not refuse to consider the people above him in the enterprise, such as the individual identified as "Arturo," but rather concluded that they were not "average" participants to whom Gaxiola-Toscano should be compared. *See United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014) ("The requisite comparison is to average participants, not above-average participants."), *overruled on other grounds by United States v. Gasca-Ruiz*, 852 F.3d 1167, 1174 (9th Cir. 2017) (en banc).

**AFFIRMED.**