**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50153 |
| Plaintiff-Appellee, | D.C. No.<br>3:18-cr-04688-LAB-1 |
| v. | |
| STEVEN DIAZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Steven Diaz appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Diaz contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the district court identified the proper factors to evaluate Diaz's request for a minor role adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). The district court did not rely on any clearly erroneous factual findings, *see United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010), and permissibly concluded that Diaz failed to proffer sufficient, credible evidence to demonstrate that he was "substantially less culpable than the average participant," U.S.S.G. § 3B1.2 cmt. n.3(A). Nor did the district court abuse its discretion by determining that the substantial amount of methamphetamine Diaz possessed weighed against granting a minor role adjustment. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (factors set forth in the commentary to the minor role Guideline are non-exhaustive); *see also United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014), *overruled on other grounds by Gasca-Ruiz*, 852 F.3d at 1173-74. Under the totality of the circumstances, the district court was within its discretion to conclude that Diaz was not entitled to a minor role adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

Because the criteria for safety valve relief under U.S.S.G. § 5C1.2 and a

2                                                                                          19-50153

minor role adjustment under U.S.S.G. § 3B1.2 are different, it was not inconsistent for the district court to grant the former but not the latter.

**AFFIRMED.**