NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ANITA SHARMA,<br><br>Defendant-Appellant. | No.  18-10460<br><br>D.C. No.<br>2:13-cr-00084-GEB-3<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RAJESHWAR SINGH,<br><br>Defendant-Appellant. | No.  18-10465<br><br>D.C. No.<br>2:13-cr-00084-GEB-2 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>SURJIT SINGH, | No.  18-10466<br><br>D.C. No.<br>2:13-cr-00084-GEB-1 |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted February 12, 2021
San Francisco, California

Before:  TASHIMA, WARDLAW, and BEA, Circuit Judges.

Anita Sharma, Rajeshwar Singh (Raj), and Surjit Singh (Surjit) appeal their jury convictions for mail fraud, 18 U.S.C. § 1341, and bank fraud, 18 U.S.C. § 1344, and the sentences imposed for those offenses.  Sharma further appeals the district court's denial of her motion to suppress incriminating statements made to law enforcement.  We have jurisdiction over these matters, 28 U.S.C. § 1291, and we affirm the convictions and sentences.

1.  The district court correctly denied Sharma's motion to suppress.  We review the district court's factual findings as to that motion for clear error and review its conclusions of law de novo.  *See United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009); *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003).  We agree that Sharma's motion was untimely.  *See* Fed. R. Crim. P. 12(c)(1), (3).  Moreover, having weighed the circumstances surrounding her interrogation, we hold that she was not in *Miranda* custody, *see Bassignani*, 575 F.3d at 884–87; *United States v. Kim*, 292 F.3d 969, 974–77 (9th Cir. 2002), and

that her statements to law enforcement were voluntary, *see United States v. Crawford*, 372 F.3d 1048, 1061 (9th Cir. 2004); *Haswood*, 350 F.3d at 1029.

2. Next, we deny relief under plain error review as to Defendants' challenge to the "deceive or cheat" jury instruction. While the district court's "deceive or cheat" instruction amounted to plain error, *see United States v. Miller*, 953 F.3d 1095, 1102–03 (9th Cir. 2020), Defendants have not met their burden to establish that this "error affected [their] substantial rights," *see United States v. Becerra*, 939 F.3d 995, 999 (9th Cir. 2019).

While we acknowledge that Defendants' "primary defense" to the mail and bank fraud charges was that they were not guilty because they "intended to pay back the funds [they] deceptively obtained from the [victims,]" that "is not a defense at all." *Miller*, 953 F.3d at 1103. For an "intent to deceive *and* cheat" requires only an intent "to deprive the victim of money or property by means of deception." *Id.* It does not require "an intent to *permanently* deprive a victim of money or property." *Id.* (emphasis added).

Furthermore, "any notion that the jury thought that [Defendants were] guilty of deception, but not cheating . . . is flatly contradicted by the jury's conviction on all the [bank fraud counts under 18 U.S.C. § 1344(2)]." *Id.* at 1103–04. After all, the district court instructed the jury that such a conviction required the jury to find that Defendants "knowingly carried out a scheme or plan to obtain money or

3

property . . . by making false statements or promises." We also note that "the district court's instruction on the 'scheme to defraud' element of the [mail and bank] fraud counts," *Miller*, 953 F.3d at 1103, clearly required the jury to find that Defendants executed a "scheme or plan *to obtain money or property*."

3. Nor did the district court plainly err in instructing the jury that the mailing necessary to sustain a mail fraud conviction "need only be incident to an essential part of the scheme or plan, and may occur after money or property has been fraudulently obtained if the mailing is necessary to complete an essential part of the scheme or plan." We have previously held that such a mailing need only be "incident to an essential part of the scheme," and that it "can occur after the defendant has obtained [the targeted funds], if the mailing is part of the execution of the scheme as conceived by the perpetrator at the time." *United States v. Lo*, 231 F.3d 471, 478 (9th Cir. 2000) (internal quotation marks and citation omitted). Thus, even if the challenged instruction were somehow erroneous, nothing about that error is plain—*i.e.* "contrary to the law at the time of [this] appeal." *United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019) (en banc) (internal quotation marks and citation omitted).

4. We also reject the contention that the evidence regarding the mailing of the deeds of trust cannot sustain Defendants' mail fraud convictions. Though we review this claim for plain error, "plain-error review of a sufficiency-of-the-

evidence claim is only theoretically more stringent than the standard for a preserved claim." *United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011).

Viewing the evidence in the light most favorable to the government, we conclude that a rational jury could have deemed the mailings at issue here as within "the scope of the scheme as devised by" Defendants. *United States v. Tanke*, 743 F.3d 1296, 1301 (9th Cir. 2014). The evidence demonstrated that several of the victims required the recording of the relevant signed deed of trust prior to authorizing the release of funds to Defendants. Meanwhile, these deeds of trust directed the county recorder offices to "return" or "mail" these documents to the banks. Accordingly, a "jury could conclude" that Defendants "must have known that the mailing of the deeds would occur" as a result of their obtaining the funds they sought, *Lo*, 231 F.3d 479 n.3. The mailings were thus "incidental to an essential aspect" of their scheme. *Id.* at 479.

5. With regard to Raj and Surjit's sentences, the district court did not abuse its discretion in deeming them organizers of a criminal scheme with more than five participants under USSG § 3B1.1(a). "[T]here can . . . be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy[,]" USSG § 3B1.1, cmt. n.4, so long as each "has the necessary influence and ability to coordinate their behavior so as to achieve the desired criminal results," *United States v. Holden*, 908 F.3d 395, 402 (9th Cir. 2018) (internal quotation marks and

citation omitted). The evidence supported such a finding here for both Raj and Surjit, and we reject their various arguments to the contrary. *See United States v. Hong*, 938 F.3d 1040, 1053 (9th Cir. 2019); *United States v. Lynch*, 903 F.3d 1061, 1084 (9th Cir. 2018).

Moreover, contrary to Surjit's suggestion, the record supported the finding that the instant scheme to defraud involved five or more participants. We also conclude that the district court resolved whether Surjit created "fraudulent loan applications" because he framed that complaint below as part of his broader objection to the leadership enhancement, which the district court overruled when it adopted the findings in the presentence report.

6. Nor did the district court abuse its discretion in declining to find Sharma a minor participant under USSG § 3B1.2(b). The district court properly considered her "proprietary interest" in the scheme and the degree "to which [she] understood the scope and structure" the scheme. USSG § 3B1.2, cmt. n.3(C). After weighing those factors, it found her responsibility was on par with that of the other straw buyers in the scheme. Moreover, that Surjit and Raj "may have above-average culpability," compared to the straw buyers, "doesn't mean that [Sharma] is substantially less culpable than the average participant" and thus entitled to a minor-participant finding. *United States v. Hurtado*, 760 F.3d 1065, 1069 (9th Cir. 2014), *overruled on other grounds by United States v. Gasca-Ruiz*, 852 F.3d 1167

6

(9th Cir. 2017) (en banc).

7. Surjit's remaining two challenges to his sentence fail. He raised neither objection before the district court, and we thus review only for plain error. *Depue*, 912 F.3d at 1232; *United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012).

Surjit's failure to object to the number-of-victims enhancement before the district court caused the record "to be insufficient to demonstrate that a different method" of counting "would have generated a lower Guidelines range, and so [he] does not show a reasonable probability of a different outcome." *Depue*, 912 F.3d at 1235. Thus, he cannot carry his burden as to the third prong of plain error review. *Id.*

His complaint regarding the district court's alleged failure to explain why it did not grant him a variance also does not merit relief on plain error review. Surjit had argued that "a sentence of 168 months would create an unwarranted disparity given the fact that" his "offenses were less egregious" than those in other mortgage fraud cases. Consistent with this position, the district court sentenced him to 135 months in prison. It was therefore "unnecessary for the district court to provide a lengthy explanation and directly address" this particular "argument[,]" at least where, as here, "our review is for plain error only." *Rangel*, 697 F.3d at 806.

**AFFIRMED.**