**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50510 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01690-LAB |
| v. | |
| TEODORO RIVERA-GUEVARA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Teodoro Rivera-Guevara appeals from the district court's judgment and

challenges the 75-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Rivera-Guevara contends that the district court erred by denying his request for a minor role reduction under U.S.S.G. § 3B1.2(b). We review the court's interpretation of the Guidelines de novo, and its factual finding that a defendant was not a minor participant for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014). The district court properly compared Rivera-Guevara's culpability to that of an average participant in his offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rojas-Millan*, 234 F.3d 464, 473-74 (9th Cir. 2000). Moreover, the district court properly considered Rivera-Guevara's arguments and the factors listed in the Guidelines' revised commentary in finding that Rivera-Guevara's role in the offense was not minor, based on the totality of the circumstances. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). That finding was not clearly erroneous in light of Rivera-Guevara's importing a substantial quantity of methamphetamine into this country using his own vehicle, and his work as a drug courier on two previous occasions. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192-93 (9th Cir. 2011).

**AFFIRMED.**