**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50143 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02631-BEN |
| v. | |
| VICTOR MANUEL CERVANTES, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Victor Manuel Cervantes appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cervantes contends that the district court erred by denying a minor role reduction under U.S.S.G. § 3B1.2(b). He contends that the district court erred by (1) failing to consider all factors enumerated in Amendment 794, which amended the commentary to the minor role Guideline; (2) misapplying the enumerated factors; and (3) discrediting Cervantes's statements regarding his role in the underlying offense.

Before Cervantes was sentenced, the United States Sentencing Commission issued Amendment 794, and Cervantes briefed and argued the amendment to the district court. It is apparent from the record that the district court considered Amendment 794, and the district court was not required to expressly "tick off" each of the enumerated factors to demonstrate its consideration of them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (discussing requirement with respect to 18 U.S.C. § 3553(a) sentencing factors).

Nor did the district court err in its application of the factors. The record belies Cervantes's argument that the district court denied the minor role reduction because Cervantes played an essential role in the offense or in reliance on any single factor. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Rather, the district court properly considered whether Cervantes demonstrated that he was substantially less culpable than the average participant. *See id.* Furthermore, Amendment 794's list of factors is not exhaustive. *See United States v. Quintero-Leyva*, 823 F.3d 519,

2                                                            16-50143

523 (9th Cir. 2016). Therefore, the district court did not err by considering additional factors, such as the amount of money Cervantes would receive, that he was the sole occupant and driver of the car, and that the car was registered in his name. *See United States v. Hurtado*, 760 F.3d 1065, 1067-69 (9th Cir. 2014), *overruled on other grounds by United States v. Gasca-Ruiz*, 852 F.3d 1167, 1173-74 (9th Cir. 2017) (en banc).

Finally, the district court's determination that Cervantes's post-arrest statements were entitled to little weight was not clearly erroneous. *See United States v. Ocampo*, 937 F.2d 485, 491 (9th Cir. 1991) (recognizing district court is entitled to disbelieve defendant's "self-serving descriptions of his own involvement").

**AFFIRMED.**