**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50007 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03261-LAB |
| v. | |
| JORGE LUIS AUSENCIO GIL-VELASQUEZ, a.k.a. Jorge Luis Ausencion Gil-Velasquez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Jorge Luis Ausencio Gil-Velasquez appeals from the district court's

judgment and challenges the 90-month sentence imposed upon remand following

his guilty-plea conviction for importation of methamphetamine, in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gil-Velasquez contends that the district court misinterpreted and misapplied the minor role Guideline, U.S.S.G. § 3B1.2, in denying his request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The district court carefully considered the five factors under the amended Guideline, as well as other relevant factors, in determining that Gil-Velasquez was not "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) ("[B]ecause the factors set forth in the Amendment are non-exhaustive, a district court may also consider other reasons for granting or denying a minor role reduction."). Furthermore, the court properly compared him to his co-participants in the offense. *See Quintero-Leyva*, 823 F.3d at 523. Finally, contrary to Gil-Velasquez's contention, the court did not rely on *United States v. Hurtado*, 760 F.3d 1065 (9th Cir. 2014), in a manner that was inconsistent with the amended Guideline. In light of the totality of the circumstances, including Gil-Velasquez's three prior drug crossings, the district court did not abuse its discretion in denying the reduction. *See* U.S.S.G. § 3B1.2 cmt. n. 3(C).

17-50007

Gil-Velasquez also argues that the 90-month sentence is substantively unreasonable because the court failed to weigh the 18 U.S.C. § 3553(a) factors appropriately and relied excessively on deterrence as a reason for the sentence. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F. 3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**